ARTHUR HILL v. THE STATE.

No. 11727.   Delivered June 26, 1929.

The opinion states the case.

*Parker & Parker,* for appellant.

*Stinson, Hair, Brooks & Duke* of Abilene, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for ten years.

The State relied upon circumstantial evidence.   A bank in the town of Peacock was burglarized.   A pistol carried by one of the offenders was accidentally discharged and the burglars fled leaving a safe which had been carried from the bank, an automobile trailer and a pistol.   The pistol appeared to have been recently discharged. Among the tracks leading to the bank appeared those of a deformed foot.   Shortly prior to the burglary appellant and other parties were seen together near the town of Peacock.   The car driven by appellant and his companions was carrying a trailer.   Several witnesses identified the trailer found at the bank as being the same trailer seen

by them in appellant's possession shortly prior to the burglary. The State offered witnesses who identified appellant as the person they had seen in possession of the trailer shortly prior to the burglary. Appellant was acquainted with one Lefty Fuller. It was shown that he and Fuller had been companions in the city of Forth Worth. Several days before the burglary Fuller stated to a state's witness that he, appellant and others were going to west Texas "to pull a job." A short time after the burglary Fuller appeared in Forth Worth with a wounded ankle caused by gun shot. The physician who treated him testified that the bullet had ranged upward. Fuller died from blood poisoning. State's witnesses testified that Fuller had a crippled foot. The evidence tended to show that the tracks found near the scene of the burglary were Fuller's. The pistol found at the bank was identified as belonging to Fuller. Appellant relied upon an alibi, which he and other witnesses supported.

Bill of exception Number 3 deals with appellant's objection to the reception in evidence of the statement of a state's witness that Lefty Fuller told her, in appellant's absence, some time prior to the burglary, that he, appellant and others were going to west Texas to "pull a job." It seems to have been the theory of the State that the declaration of Fuller was admissible as tending to show that a conspiracy existed between appellant and Fuller to commit the offense for which appellant was being tried.

Circumstances may be resorted to to prove a conspiracy, and where there is prima facie evidence of a conspiracy the acts and declarations of each co-conspirator in furtherance of the common design, or which form a part of the res gestae of any act "designed to advance the object of the conspiracy which is already in evidence are admissible against any and all of the conspirators." However, the conspiracy cannot be proved by the acts and declarations of others in the absence of the accused. Hays v. State, 236 S. W. 463; Newsome v. State, 249 S. W. 477.

The evidence tending to show a conspiracy was meagre. Conceding for the purpose of the discussion of the bill that a conspiracy was shown, Fuller's declaration does not appear to have been in furtherance of the common design. Hence it could only have been offered as tending to prove a conspiracy. As indicated it could not be legitimately used for such purpose. The declaration was hearsay and inadmissible. In view of the meagreness of the circumstances connecting appellant with the commission of the offense, Fuller's

inadmissible declaration was highly prejudicial to appellant. It follows that the error calls for a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.